UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (Newark)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Civil Action No. 20-cv-14645-CCC |
| | : | |
| TWO AFRICAN ELEPHANT TUSKS, | : | |
| Defendants in rem. | : | |

**DEFENDANTS' ANSWER TO THE COMPLAINT**

Two African Elephant Tusks (herein "Defendant(s)" or "Defendant(s') Property"), by and through its attorney, Law Office of Patrick Flanigan, responds to and answers the Complaint based upon information and belief as follows:

1. Admitted.

2. Denied. Calls for a legal conclusion that the Defendant Property is subject to seizure and forfeiture under the Endangered Species Act (ESA) or regulations promulgated thereunder. Further denied because strict proof is required.

3. Denied. Calls for a legal conclusion that the Defendant Property is subject to forfeiture under 16 U.S.C. § 1540(e)(4), 16 U.S.C. § 1538(e) or 50 C.F.R. § 14.61. Further denied because strict proof is required.

4. Denied. Calls for a legal conclusion that the Defendant Property is subject to forfeiture under 19 U.S.C. § 1595a(c)(2)(B) or 50 C.F.R. § 23.20(e). Further denied because strict proof is required.

5. Denied. Calls for a legal conclusion that the Defendant Property is subject to forfeiture under the ESA, 16 U.S.C. § 1540(e)(4)(A), 16 U.S.C. § 4224(e) or 16 U.S.C. § 4223(1). Further denied because strict proof is required.

6. Admitted.

7. Admitted.

8. Denied. Without knowledge or information sufficient to form a belief about the truth of this allegation and so denied.

### III. LEGAL BACKGROUND

A. **The Convention on International Trade in Endangered Species ("CITES")**

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied. Calls for a legal conclusion that the Defendant Property is subject to forfeiture and that the Defendant Property was "in trade." Further denied because strict proof is required.

17. Denied. Calls for a legal conclusion of foreign law and that the Defendant Property is subject to a CITES Appendix I Export Permit. Further denied because strict proof is required.

18. Denied. Calls for a legal conclusion of law and that the Defendant Property is subject to a CITES Appendix I Import Permit. Further denied because strict proof is required.

19. Denied. Defendant property lacks knowledge and information sufficient to form a belief about the truth of this allegation.

20. Admit in part, deny in part. Admit there are federal laws concerning importation of wildlife listed on CITES Appendix I and there are "defined exceptions." Denied because allegation 20 calls for a legal conclusion of law that the Defendant Property is subject to a CITES Appendix I. Further denied because strict proof is required.

  **B.**  **<u>The Endangered Species Act</u>**

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied. Deny allegation 27 to the extent it calls for a legal conclusion of law that Defendant Property has violated any of the CITES or ESA regulations. Further denied because strict proof is required.

28. Denied. Deny allegation 28 to the extent it calls for a legal conclusion of law that Defendant Property has violated any of the CITES or ESA regulations. Further denied because strict proof is required.

29. Denied. Deny allegation 29 to the extent it calls for a legal conclusion of law that Defendant Property has violated any of the CITES or ESA regulations. Further denied because strict proof is required.

30. Denied. Deny allegation 30 to the extent it calls for a legal conclusion of law that Defendant Property has violated any of the CITES or ESA regulations. Further denied because strict proof is required.

    **C.**    <u>**The African Elephant Conservation Act**</u>

31.    Admitted.

32.    Denied. Defendant property lacks knowledge and information sufficient to form a belief about the truth of allegation 32.

33.    Admitted in part, denied in part. Admitted there are federal statutes regulating imports of ivory. Deny allegation 33 to the extent it calls for a legal conclusion of law that the Defendant Property has violated any federal statutes. Further denied because strict proof is required.

### III.    FACTUAL ALLEGATIONS

    **A.**    <u>**The African Elephant**</u>

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    Admitted.

39.    Admitted in part, denied in part. Admitted there are CITES and ESA requirements. Deny allegation 34 to the extent it calls for a legal conclusion of law that Defendant Property has violated any of the CITES or ESA requirements. Further denied because strict proof is required.

    **B.**    <u>**The Attempted Importation of the Defendant Property**</u>

40.    Denied allegation 40 to the extent it calls for a legal conclusion of law that Defendant Property has violated any of the CITES or ESA requirements. Further denied because strict proof is required.

41.    Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted in part, denied in part. Admitted a CITES re-export certificate was provided to USFWS inspectors. Denied the certificate was "facially invalid" as this calls for a legal conclusion. Further denied because strict proof is required.

49. Admitted in part, denied in part. Admitted there was an interview. Denied that allegation 49 is a fully accurate and complete record of the interview. Further denied because strict proof is required.

50. Admitted in part, denied in part. Admitted a CITES permit was provided to USFWS inspectors. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

51. Admitted in part, denied in part. Admitted there was an interview. Denied that allegation 51 is a fully accurate and complete record of the interview. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

52. Denied. The evidence provided to law enforcement is "sufficient" and denied because allegation 52 calls for a legal conclusion.

53. Admitted.

54. Denied. Denied because allegation 54 draws legal conclusions against Defendant Property. Further denied because strict proof is required.

    C.    **Form 3-177**

55.    Admitted in part, denied in part. Admitted that the USFWS does have a Form 3-177, Declaration for Importation or Exportation of Fish or Wildlife and is required for some international shipments of wildlife to or from the United States. Denied that Form 3-177 was required in this case for Defendant Property.

56.    Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

57.    Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

58.    Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

59.    Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

    D.    **The Administrative Detention and Forfeiture Proceedings**

60.    Admitted.

61.    Admitted.

62.    Admitted.

63.    Admitted in part, denied in part. Admitted that USFWS received an affidavit from Peeter Perten, who is the father of Anna-Lena Schindler-Perten. Further admit that the Defendant property is pre-convention CITES souvenirs. Deny the USFWS' characterization and legal conclusions. Denied to the extent allegation 63 draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

64. Admitted in part, denied in part. Admitted that an affidavit was provided to USFWS inspectors. Denied that allegation 64 is a fully accurate and complete record of the interview. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

65. Admitted in part, denied in part. Admitted that an affidavit was provided to USFWS inspectors. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

66. Admitted in part, denied in part. Admitted there was a seizure by USFWS. Denied to the extent allegation 66 draws any legal conclusions against Defendant Property. Denied that "Defendant Property was imported legally." Further, denied because strict proof is required.

67. Admitted.

68. Admitted.

69. Admitted.

70. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

## IV. CLAIMS FOR FORFEITURE

A. **First Claim for Forfeiture- Endangered Species Act**

71. Admitted.

72. Admitted.

73. Admitted.

74. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

B. **Second Claim for Forfeiture - Importation Contrary to Law**

75. Admitted.

76. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

### C. Third Claim for Forfeiture – Endangered Species Act

77. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

### D. Fourth Claim for Forfeiture - AECA Elephant Moratorium Violation

78. Admitted.

79. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

80. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

81. Denied. Denied to the extent this allegation draws any legal conclusions against Defendant Property. Further denied because strict proof is required.

### REQUEST FOR DISMISSAL OF COMPLAINT

**WHEREFORE**, Defendants ask this court to dismiss the Complaint in full and award costs and attorney fees to the Defendants against the United States of America, and that this Court grant the Defendants such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

Respectfully submitted,                                     Date: November 24, 2020.

By: /s/Patrick Flanigan
Counsel for Defendants
Law Office of Patrick Flanigan
NJ Attorney No.: 016092004
P.O. Box 42, Swarthmore, PA  19081-0042
Tel:  (484) 904-7795          Email:  Pat@lawofficepf.com